FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE M., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | NO. 1:25-CV-3142-TOR <br><br> ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT |

BEFORE THE COURT is Plaintiff's Motion for judicial review of Defendant's denial of his application for Title XVI disability benefits under the Social Security Act (ECF No. 11). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Commissioner's denial of Plaintiff's application for benefits under Title XVI of the Social Security Act is AFFIRMED.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(C)(3).

## STANDARD OF REVIEW

It is the administrative law judge's (ALJ) job to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)). The Court will affirm the Commissioner's decision to deny benefits unless it "is not supported by substantial evidence or is based on legal error." *Lambert*, 980 F.3d at 1277 (quoting *Treichler.*, 775 F.3d at 1098) (internal quotations omitted). On that note, it is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and to identify where in the record those reasons are reflected. *Id.*

The Court reviews the agency's findings to determine whether they are supported with substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g). In this context, the threshold is not high. *Biestek*, 587 U.S. at 103. Substantial evidence is present when there is "'more than a mere scintilla.'" *Biestek*, 587 U.S. at 103. In other words, "such relevant evidence as a reasonable

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 2

mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The Court will not reverse for errors that are harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting *Carmickle,* 533 F.3d at 1162). To effectuate this, the Court reviews the record as a whole to determine whether the error altered the result of the case. *Molina*, 674 F.3d at 1115.

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

The Commissioner uses a five-step sequential process to decide whether a claimant is considered disabled. 20 C.F.R. § 416.920(a)(1). The Commissioner considers all evidence in the record to make this determination. 20 C.F.R. § 416.920(a)(3). Disability is defined "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). This requires a severe impairment that makes the claimant unable to complete the claimant's past relevant work or any other substantial gainful work. 20 C.F.R. § 416.905(a).

At each step, the Commissioner may find a claimant either not disabled or

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 3

disabled.  20 C.F.R. § 416.920(a)(4).  If the claimant is found disabled, then the process stops, and the determination is made.  20 C.F.R. § 416.920(a)(4).  However, step three to four, the Commissioner assesses residual function capacity ("RFC").  *Id.*  Then steps four and five the Commissioner evaluates the claimant's claim.  *Id.*

At step one, the Commissioner considers the claimant's work activity and if the Commissioner decides that the claimant is doing substantial gainful activity, then the Commissioner will find the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(i).  Substantial gainful activity is both substantial and gainful work activity.  20 C.F.R. § 416.972.  Substantial work activity means "doing significant physical or mental activities" and may be done on a part-time basis, with less pay, or less responsibility than before.  20 C.F.R. § 416.972(a).  Gainful work activity is work done for pay or profit even if the profit is not realized.  20 C.F.R. § 416.972(b).  Put together, "[s]ubstantial gainful activity means work that—(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit."  20 C.F.R. § 416.910.

At step two, the Commissioner considers the claimant's medical severity of the claimant's impairment(s).  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have either a physical or mental impairment that is severely medically determinable, or a combination of impairments satisfying the requirements the

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 4

Commissioner will deem the claimant as not disabled.  20 C.F.R. § 416.920(a)(4)(ii).

At step three, the Commissioner continues to consider the claimant's medical severity of claimant's impairment.  20 C.F.R. § 416.920(a)(4)(iii).  If the claimant falls under one of the listings in appendix 1, fulfills this subpart, and the durational requirement, then the Commissioner will determine the claimant as disabled.  20 C.F.R. § 416.920(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work.  20 C.F.R. § 416.920(a)(4)(iv).  If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled.  20 C.F.R. § 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education, and work experience to settle on any possible adjustments to other work.  20 C.F.R. § 416.920(a)(4)(v).  If this is possible, then the Commissioner will rule that the claimant is not disabled.  However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled.  20 C.F.R. § 416.920(a)(4)(v).

Once a claimant proves that: "(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 5

impairment meets or equals one of the specific impairments described in the regulations", then the claimant must be found disabled. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002)). However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "still establish a prima facie case of disability by proving at step four that 'in addition to the first two requirements, ... she is not able to perform any work that she has done in the past.'" *Hoopai*, 499 F.3d at 1074 (quoting *Thomas,* 278 F.3d at 955). After the claimant establishes their prima facie case at step five, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy." *Hoopai*, 499 F.3d at 1074–75 (quoting *Thomas,* 278 F.3d at 955).

## ALJ FINDINGS

Plaintiff applied for supplemental security income ("SSI") benefits on December 21, 2016, alleging an amended onset date of the same. ECF No. 11 at 2. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") in 2024. *Id.* Plaintiff received several denials from the ALJ, followed by remands from the district court. ECF No. 11 at 2. While written exceptions were filed, the Appeals Council did not assume jurisdiction. *Id.*

At step one, the ALJ found that Plaintiff received earnings at the level of substantial gainful activity from working as a welder from June 14, 2018, to

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 6

September 28, 2018.  Tr. 827.  However, Plaintiff stated the job led to stress, anxiety, and depression but that he quit his job due to the physical demand requirement.  Tr. 828.  Moreover, his blood pressure medicine interfered with his ability to consistently work because it caused diarrhea and made his need to use the bathroom consistent.  *Id.*  Lastly, Plaintiff claims that he was fired for working too slowly.  Tr. 828.  Based on this information and the district court's order, the ALJ determined that this work was unsuccessful and lasted less than six months, ending "due to impairment-related difficulties."  Tr. 828.

At step two, the ALJ determined that Plaintiff had severe impairments including hypertension, diabetes, depressive disorder, generalized anxiety disorder, personality disorder, and a learning disorder.  Tr. 828.  The ALJ recognized Plaintiff's asthma and obesity but noted that these conditions did not preclude him from basic work activities for 12 continuous months and cannot be considered as severe.  *Id.*

At step three, the ALJ did not find that any impairment or combination of impairments that met the medical severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 828.  The ALJ found moderate limitations regarding Plaintiff's ability to understand, remember, apply information and interact with others.  Tr. 829.  The ALJ determined that Plaintiff has a mild limitation regarding concentrating, persisting, or maintaining pace.  Tr. 830.  No

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 7

limitation was found for Plaintiff's ability to adapt and manage himself.  Tr. 830.

Because the ALJ did not find any extreme or marked limitations, paragraph B

criteria were not satisfied.  *Id.*  Furthermore, paragraph C criteria were not satisfied

because the evidence did not demonstrate the existence of that criterion.  Tr. 830.

At step four, the ALJ determined Plaintiff's residual functional capacity

("RFC") to meet the ability to perform medium work as defined under 20 C.F.R.

416.967(c) with exceptions.  Plaintiff

> can sit for six hours during an eight-hour workday; can stand and/or
> walk without limitation; can climb ladders, ropes, and scaffolds
> occasionally and can perform all other postural activities frequently;
> can frequently reach overhead and forward bilaterally; should avoid
> concentrated exposure to pulmonary irritants; is capable of performing
> simple tasks; and can have occasional interaction with supervisors, co-
> workers, and the general public.

Tr. 830-31.  While the ALJ decided that Plaintiff's impairments could cause

Plaintiff's symptoms, the ALJ disagreed with the intensity, persistence, and

limiting effects.  Tr. 832.

At step five, the ALJ found that there are jobs available in the national

economy in significant numbers that are consistent with Plaintiff's age, education,

work experience and RFC.  Tr. 844.  These potential jobs include a laundry

worker, cleaner II, and a janitor.  Tr. 845.  Therefore, the ALJ found that Plaintiff

was not disabled within the meaning of the Social Security Act ("SSA").

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLE XVI OF THE SOCIAL SECURITY ACT ~ 8

**ISSUES**

I.     Whether the ALJ reversibly erred by not properly assessing Plaintiff's testimony.

II.    Whether the ALJ reversibly erred by not properly assessing the medical opinions.

**DISCUSSION**

**I.     The ALJ did not err because the ALJ properly assessed Plaintiff's testimony.**

"'The credibility determination is exclusively the ALJ's to make,' and '[w]e are constrained to review the reasons the ALJ asserts.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)) (quotations and emphasis omitted). When the ALJ determines the credibility of a claimant's subjective testimony, the ALJ uses a two-step process. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The first step requires the ALJ to "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir. 2007)). The claimant only needs to "show that it could reasonably have caused some degree of the symptom." *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter,* 504 F.3d at 1035–36).

The second step states when the ALJ

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 9

determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [he] alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.

*Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)) (citations omitted). "The clear and convincing standard is the most demanding required in Social Security cases." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).

Pursuant to this, the ALJ must "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations omitted). Determining the credibility of a claimant's testimony about the severity of symptoms allows considerations including things such as:

(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). However, "[c]ontradiction

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 10

with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

### A. Physical Impairments

Plaintiff argues that the ALJ erred by not recognizing the severity of his symptoms, misstated Plaintiff's symptoms, and did not provide clear and convincing reasons. ECF No. 11 at 4-7. Plaintiff states that the ALJ did not meet the clear and convincing standard because the ALJ did not specify which portion of Plaintiff's testimony contradicted which evidence. ECF No. 11 at 3. As a result, Plaintiff requests that his case should be remanded and credited as a matter of law. ECF No. 11 at 3, 12.

Previously, Plaintiff alleged himself to have frequent and uncontrolled diarrhea, but the ALJ noted only few references to this problem. Tr. 833. However, the Appeals Council remanded for consideration of this issue. *Id.* The Appeals Council was concerned about the clarity of whether Plaintiff was able to receive a prescription of 500 mg extended-release metformin. Tr. 833. With the information provided and indications of higher dosage prescriptions, the ALJ concluded she could not determine if Plaintiff obtained the 500 mg extended-release metformin or if that dosage was appropriate. *Id.* As a result, the ALJ

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 11

cannot rely on evidence that Plaintiff's diarrhea was mild when he was on 500 mg extended-release metformin because he was prescribed higher doses. *Id.*

Furthermore, the ALJ confirmed that the evidence did not support Plaintiff's allegations concerning his diarrhea and discerned that it would not prevent him from working. Tr. 833. The ALJ supports this with Plaintiff's many denials of having this impairment and assertions that it was intermittent. *Id.* However, in January 2024, he reported having diarrhea and that it was persistent in March 2024. Tr. 833. In October 2018, Plaintiff claimed incidents of diarrhea two times a day since being on a higher metformin dose but that it was improving. *Id.*

Additionally, the ALJ notes that Plaintiff did not mention his diarrhea during his consultative examination or his vocational assessment in January 2017 regarding disability-related barriers. Tr. 834. During his therapy appointments, he only rarely mentioned it. *Id.* Therefore, the ALJ determined that Plaintiff's claims that his diarrhea affects his work are not supported. *Id.*

Plaintiff argues that the ALJ erred by not recognizing the severity of his medication's side effects. ECF No. 11 at 4. Plaintiff contends that the ALJ misstated Plaintiff's testimony, made impermissible presumptions, lacked to sufficiently mention diarrhea, polyuria, or Plaintiff's bathroom needs, and did not state the extent of the frequency of diarrhea and urinary symptoms. ECF No. 11 at 4-7. Defendant responds that the ALJ reasonably discounted Plaintiff's testimony

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 12

and Plaintiff's claims of severity are not supported by the evidence.  ECF No. 15 at 3-15.

The Appeals Council recognized the failure to properly consider Plaintiff's polyuria.  Tr. 835.  They noted that in February 2018 Plaintiff experienced polyuria when taking 500 mg of metformin.  *Id.*  The ALJ notes that in October 2018, Plaintiff asserted he was previously urinating ten times during a workday but now only about five times a day.  Tr. 835.  Plaintiff also denied experiencing polyuria many times, however, he did mention it in January 2024 without any indication of frequency.  *Id.*  With this information, the ALJ did not find evidence that this impairment requires further limitations because urinating five times a day is normal.  Tr. 835.

First, Plaintiff states the ALJ erred by focusing on Plaintiff's diarrhea complaint for his bathroom frequency instead of considering urinary purposes as a reason, too.  ECF No. 11 at 4.  However, as established, the ALJ considered Plaintiff's frequency of bathroom use regarding diarrhea and urination in separate sections.  Tr. 833-35.  Moreover, the record shows that Plaintiff denied these impairments many times and does not support that the ALJ's findings are not substantially supported to show that these impairments restrict his work ability.  The ALJ referenced Plaintiff's statements to providers and the medical record

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 13

showing multiple examples where the evidence supported the ALJ's determination. *Id.* Accordingly, the ALJ provided substantial evidence for her determination.

Second, Plaintiff alleges the ALJ made impermissible assumptions regarding Plaintiff's lack of weight loss from his alleged consistent diarrhea every 10-20 minutes. ECF No. 11 at 4-5. The ALJ found that if Plaintiff's allegations were true, it is likely that Plaintiff would experience weight loss but instead Plaintiff has gained weight showing Plaintiff's claims concerning the frequency of his diarrhea are not supported. Tr. 834. Plaintiff continues that the evidence did not support this, and the ALJ did not consider alternatives such as the amount may be small, activity may have lessened, or Plaintiff increased his diet to compensate. ECF No. 11 at 5. Regardless, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). Moreover, while the ALJ's connection is not well supported, the ALJ had other substantial reasons for her determination on Plaintiff's diarrhea impairment. Tr. 833-34. Therefore, this is only harmless error. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (It is harmless error when "the ALJ's remaining reasoning *and ultimate credibility determination* were adequately supported by substantial evidence in the record.").

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 14

Third, Plaintiff identifies that the ALJ erred when stating that the record lacked sufficient references and statements concerning Plaintiff's diarrhea and polyuria.  ECF No. 11 at 5.  Plaintiff focuses on his complaints to providers and the side effect of diarrhea from metformin.  ECF No. 11 at 5.  As previously stated, the ALJ provided detailed background regarding Plaintiff's metformin dosage because the Appeals Council noted that dosage amounts were unclear.  Tr. 833.  As a result, the ALJ determined that she cannot rely on evidence that Plaintiff's diarrhea was mild while being on 500mg of metformin since it is unclear what dosage Plaintiff was taking during the period.  Tr. 833.  This inconsistency brought to light by the Appeals Council further supports that Plaintiff's unclear prescription amount is an appropriate basis to discredit testimony.  Tr. 833; 878.  Therefore, the ALJ's reluctance to hold weight for unclear evidence is reasonable.

However, the Appeals Court noted reports of intermittent diarrhea dating back to January 2016, prior to Plaintiff's alleged prescription of 500 mg of extended-release metformin.  Tr. 878.  Regardless, the ALJ still found Plaintiff could work because the treatment notes only reference occasional reports of diarrhea and Plaintiff has denied this being a problem or stated it as intermittent.  Tr. 833.  Additionally, the ALJ noted that Plaintiff reported diarrhea in January 2024 and persistent diarrhea in March 2024 but did not provide specifics on frequency.  *Id.*

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 15

While some evidence supports this, the persistent diarrhea complaint supports Plaintiff's alleged severity, despite providing specifics on frequency.  Tr. 834.  Plaintiff refers to a February 2017 report stating diarrhea is intermittent, and Dr. Varghese's report from October 2018 where it states that Plaintiff reported diarrhea about two times a day since being on metformin dosage of 850 mg and it was causing an interference with his ability to work.  ECF No. 11 at 5.  However, it was improving.  Tr. 433.  Additionally, Plaintiff was not reported as having this issue in June 2017, July 2017, February 2018, May 2020, November 2020, April 2021, etc.  Tr. 332, 394, 463, 751, 758, 771.  Also, as previously stated, the report notes his frequent urination about ten times for eight hours but without work he is only urinating five times a day.  Tr. 433.  Nevertheless, the ALJ notes this visit but clarifies this is the only time the frequency is specified and that this is not enough to substantiate Plaintiff's alleged need for the bathroom every ten to fifteen minutes.  Tr. 833-34.  As a result, the record does not substantiate this claim and the ALJ's determination is reasonable and supported with sufficient evidence.

Fourth, Plaintiff states that the ALJ's finding that he did not take bathroom breaks during treatment visits does not consider alternative reasons for his lack of breaks during treatment sessions.  ECF No. 11 at 6.  However, the ALJ is not required to adopt other rational interpretations as long as the ALJ's interpretation is rational, too.  *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citing *Burch v.*

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 16

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).  In other words, the ALJ does not need to consider every possible rational interpretation.  Regardless, the ALJ has provided substantial evidence of other legally sufficient reasons for her determination.

Fifth, Plaintiff argues that the ALJ did not always mention the frequency of Plaintiff's diarrhea and urinary needs.  ECF No. 11 at 6.  Plaintiff focuses on the Ninth Circuit's reference that consistency does not mean that the claimant's medical status is the same over time and that a claimant's periodic statement that he is feeling better is not congruent with a claimant's intent to overstate the severity of his impairments.  ECF No. 11 at 7 (citing *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007) and *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998)).  Moreover, Plaintiff emphasizes that the ALJ cannot determine that Plaintiff's subjective testimony is superfluous by requiring positive medical evidence to corroborate each allegation.  ECF No. 11 at 7.  Again, the ALJ's determination is reasonable and supported by substantial evidence.  Plaintiff's focus on a few reports or reasons does not negate the ALJ's numerous references to evidence and reports of improvement, intermittent issues, or absence of the issue at all.  The ALJ's findings are substantially supported.

B. Mental Impairments

Plaintiff argues that the ALJ did not properly discount Plaintiff's allegations

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 17

regarding Plaintiff's mental exams, and the ALJ's findings were not supported by the record or that sufficient reasons were provided.  ECF No. 11 at 7-11. Defendant states the ALJ provided sufficient evidence of Plaintiff's testimony. ECF No. 15 at 3-15.

The ALJ states that Plaintiff referred to his depression as the primary reason he was unable to work.  Tr. 831.  During the hearings, Plaintiff stated his depression precluded him from working and clarified this was the reason for his inability to work in 2016.  Tr. 832.

The ALJ notes Plaintiff's depression and anxiety but recognizes that Plaintiff was reported as alert, oriented, with normal mood, affect, speech, judgment, and insight.  Tr. 835-36.  Additionally, the ALJ notes that Plaintiff often presents as cooperative, friendly, and engaged and exhibited a normal attention span and ability to concentrate.  Tr. 836.  Generally, Plaintiff had unremarkable presentation showing incompatibility with Plaintiff's suggestions of "serious cognitive, social, and mental dysfunction." *Id.*

Moreover, the ALJ found that Plaintiff's performance on mental status exams did not support Plaintiff's claims.  He was generally found in the average range and was able to complete the mental tasks with some errors.  Tr. 835.  In February 2017, Plaintiff's general cognitive abilities scored within the low range for average intellectual functioning, but his thinking and reasoning abilities

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 18

exceeded 21% of those his age.  Tr. 835.  His working memory was borderline, and he outperformed 6% of his peers.  *Id.*  Plaintiff's verbal reasoning and perpetual reasoning were average, too.  *Id.*

First, Plaintiff contends that the ALJ improperly discounted Plaintiff's allegations because the mental status exam (MSE) and other relevant tests were insufficiently severe.  ECF No. 11 at 7-10.  Plaintiff cites medical opinions that state more severe limitations, however, these are later addressed.  ECF No. 11 at 7-8.  Also, Plaintiff provides references to evidence to support that Plaintiff's mental state was more severe.  ECF No. 11 at 7-10.  These include reports that reference Plaintiff's depression or related symptoms.  Tr. 719, 720, 417, 980, 989.

Also, the ALJ noted Plaintiff's depression and anxiety in her decision but found the entire record exhibits otherwise.  Tr. 835-36.  The ALJ provided many indications of the opposite with no indications of limitations.  Tr. 426, 430, 431, 725, 740, 741, 781, 836.  Furthermore, Plaintiff's citations and references do not show how this limit or impairs Plaintiff's ability or explains how the ALJ's interpretation is incorrect.  Simply having an impairment does not result in severe limitations.  As a result, the ALJ's decision is reasonable and supported with sufficient evidence.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 19

Second, Plaintiff argues that the ALJ's social limitation allegations were not supported by the record.  ECF No. 11 at 10.  Additionally, the ALJ erred when she failed to explain which allegations were contradictory.  ECF No. 11 at 10-12.

The ALJ found that Plaintiff was attending full-time school to learn welding and made several friends and one close nearby friend.  Tr. 836.  Plaintiff went to the gym three times a week and spent time with friends at Starbucks, going to dinner and movies with friends, and showing and making art.  Tr. 755, 836.  In November 2019, Plaintiff was reported to continue going to Starbucks and was making more friends.  *Id.*  In March 2020, Plaintiff stated he went out with his brother and two friends for his birthday and was going to Starbucks five days a week.  Tr. 787, 836.

The ALJ should clearly state which allegations are contradicted with what evidence.  *See Patrece M. G. v. O'Malley*, 2024 WL 2293004, at *7 (E.D. Wash. May 21, 2024); *Lambert*, 980 F.3d at 1277 (9th Cir. 2020) (stating the ALJ's duty to provide clear and sufficient reasons).  However, the ALJ states social limitations and referenced Plaintiff's testimony of a lack of friends and that he did not do anything all day which the evidence directly contradicts.  Tr. 832.  However, the ALJ could make the contradictions clearer for the Court's review.

Lastly, Plaintiff argues that the ALJ erred when stating that Plaintiff's mental impairments may be explained by situational components.  ECF No. 11 at

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 20

11.  The ALJ confirmed many of Plaintiff's mental health complaints are related to "significant situational component[s]." Tr. 837. For example, he suffered significant heartbreak after his girlfriend of ten years left him. *Id.* Plaintiff experienced stress due to employment, finances and relationships. Tr. 837. Also, he was frustrated with the pandemic, his mother, and financial difficulties. *Id.* The ALJ notes that Plaintiff's mental problems "appear to be due, at least in part, to situational difficulties." Tr. 837.

Plaintiff concedes that this is a sufficient reason to discount testimony, but that the ALJ failed to show that the limitations were primarily from the situational stressors. ECF No. 11 at 12. However, the caselaw Plaintiff cited, while not binding, does not support Plaintiff's allegation that the ALJ must show the limitations were primarily from the stressors but requires that there must be something to support the connection beyond the fact they occur simultaneously. *Brendan J. G. v. Comm'r, Soc. Sec. Admin.*, 2018 WL 3090200, at *7 (D. Or. June 20, 2018) ("Further, because mental health conditions may presumably *cause* strained personal relations or other life stressors, the Court is not inclined to opine that one has caused the other based only on the fact that they occur simultaneously."). As demonstrated, the ALJ provided evidence that the Plaintiff made the connection between the impairments and the situations rather than

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 21

simultaneously occurring at the same time.  The ALJ provided a reasonable sufficient basis, and Plaintiff does not exhibit any error.

**II.       The ALJ did not err because the ALJ provided legally sufficient reasons for weighing and discrediting the medical opinions.**

Plaintiff argues that the ALJ did not properly assess the medical opinions. ECF No. 11 at 12.  Defendant responds that Plaintiff did not establish reversible error.  ECF No. 15 at 15-21.

20 C.F.R. § 416.927 governs the ALJ's evaluation methods for opinion evidence.  The ALJ uses six different factors to weigh this type of evidence.  § 416.927(c).  These factors include: (1) examining relationship (2) treating relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors.  § 416.927(c).  For a treating relationship, the ALJ also considers the length of relationship, frequency of exams, and nature and extent of relationship.  § 416.927(c)(2).

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record."  *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir.), *as amended on reh'g* (Aug. 9, 2001) (citing SSR 96–2p).  Even when the opinion is not controlling, treating source medical opinions must still be given deference and be

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 22

weighed pursuant to § 416.927.  SSR 96-2p; *Edlund*, 253 F.3d at 1157.

However, the ALJ is not required to "accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)) (internal quotations omitted).  "And '[e]ven if contradicted by another doctor,' the testimony of a treating physician 'can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.'" *Edlund*, 253 F.3d at 1157 (citing *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995) *as amended* (Apr. 9, 1996)); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.").

This requirement is met "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir. 1986)); *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).  "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" *Lester*, 81 F.3d at 834

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 23

(quoting *Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir. 1989)).

Plaintiff states that the ALJ failed to properly assess and provide sustainable reasons for discrediting the opinions of Thomas Genthe, M.D., R.A. Cline, Psy.D., B. Beachy, Psy. D., and J. Hampton, M.D.  ECF No. 11 at 12-13.  Defendant argues Plaintiff did not exhibit any reversible error.  ECF No. 15 at 15.  Furthermore, Defendant states that the ALJ provided sufficient explanations for these opinions and numerous other medical opinions that further support the ALJ's decision.  ECF No. 15 at 11.

The ALJ addressed numerous medical providers with varying explanations and provided weight.  Tr. 837-44.  The ALJ gave some weight to Thomas Genthe and R.A. Cline's opinions.  Tr. 839.  Neither Dr. Genthe nor Dr. Cline reviewed any treatment records, however, they did examine Plaintiff and conduct mental status testing.  Tr. 839-40.  The ALJ found their opinions consistent with the record as a whole.  Tr. 840.  Additionally, the ALJ stated that limitations described are only temporary and opined that Plaintiff could return to work within 12 months.  Tr. 840.

Dr. Genthe

The ALJ stated in Dr. Genthe's February 2017 report, he indicated that Plaintiff had only moderate limitations but was unlikely to function appropriately until Plaintiff's psychological symptoms were effectively managed.  Tr. 839.  Dr.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 24

Genthe stated this would likely take three to six months.  Tr. 839.  With that, Dr. Genthe states that Plaintiff would be able to resume full-time work-related activities.  Tr. 839.

Plaintiff states that Dr. Genthe actually opined that Plaintiff demonstrated significant limitations in basic work activities, such as "asking simple questions or requesting assistance, communicating or performing effectively, maintaining appropriate behavior in a work setting, and completing a normal workday or week.  ECF Nos. 11 at 13; 17 at 3; Tr. 344.  However, after reviewing Dr. Genthe's opinion, the Court fails to see where Plaintiff found this in Dr. Genthe's referenced opinion.  Tr. 342-47.  Dr. Genthe noted some errors in Plaintiff's mental status exams and the need to manage his psychological symptoms to adequately work.  Tr. 345.  However, Dr. Genthe states that Plaintiff "failed to show significant deficits."  Tr. 345.  Additionally, Dr. Genthe marked each basic work activity as either mild or moderate, not severe or marked.  Tr. 344-45.  Furthermore, the ALJ addressed Dr. Genthe's opinion regarding Plaintiff's unlikeliness to currently function appropriately but that with time and effective management, this could change and allow Plaintiff to resume full-time work-related activities.  Tr. 839; 345-46.  Therefore, this argument fails to identify any error.

Dr. Cline

Concerning Dr. Cline's December 2017 report, the ALJ noted that Dr. Cline

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 25

reported that Plaintiff had a "marked limitation in his ability to maintain appropriate behavior in a work setting, but otherwise has no more than moderate limitations in any other functional area." Tr. 839. Dr. Cline's assessment of Plaintiff's mental health issues is moderate and expected to persist for six to nine months. Tr. 839.

Next, Plaintiff argues that Dr. Cline reached a similar conclusion, and that she found Plaintiff had marked limitations. ECF No. 11 at 13; Tr. 409-10. Plaintiff states that the ALJ referenced "temporary" limitations even though this was not provided as a reason to discount their findings and confirms that together they reach the durational requirement. ECF No. 11 at 13. The ALJ clearly referred to the temporary nature and SSI durational requirement. Tr. 840. The ALJ stated that the physicians "describe limitations of a temporary nature only, as they all indicated the claimant would be expected capable of returning full-time work in significantly less than 12 months (the required durational to establish disability for SSI purposes)." Tr. 840.

Plaintiff continues that if the durational requirement was a basis for discrediting the opinions, together they reach the requirement. ECF No. 11 at 14. Dr. Genthe's estimate of up to six months in February 2017, Dr. Cline's estimate of up to another nine months with the ALJ's finding of Plaintiff's depression, anxiety, personality disorder, and learning disorder as severe in December 2017

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 26

combine to reach the durational requirement set forth in 20 C.F.R. § 416.923. *Id.* Plaintiff does not provide support for this assertion. *Johnson v. Colvin*, 2013 WL 1774670, at *5 n.4 (E.D. Wash. Apr. 25, 2013) (stating that the plaintiff's argument that two different medical opinions about estimated durations in combination will satisfy the Social Security Act's durational requirement is without factual or legal support). Additionally, these do not combine to meet the *continuous* 12-month requirement. Also, Plaintiff solely leans on the longer ends of the estimates. Therefore, this argument fails.

Even more, the ALJ may hold weight differently based on the medical source's review of a claimant's case or reports. 20 C.F.R. § 416.927 ("[T]he extent to which a medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.").

Dr. Beachy

Plaintiff finds issue with the ALJ's determination of Dr. Beachy's opinion and the ALJ only restated the same conclusions that the Appeals Council rejected. ECF No. 11 at 14-21. Also, among other errors, the ALJ's reasoning does not meet the specific and legitimate requirement. ECF No. 11 at 17.

The Appeals Council found that the ALJ's previous decision about Dr. Beachy was not supported by the substantial evidence. Tr. 849, 879. The Appeals

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 27

Council points out that the ALJ did not consider Dr. Beachy's treatment notes that support her own opinion and cites statements regarding Plaintiff's ability to understand, remember, and interact with others.  Tr. 879.  Moreover, Dr. Beachy's opinion dates to February 2017 with at least 38 occasions, not only a few dating back in June 2018.  Tr. 879.  Additionally, the Appeals Council noted that the ALJ did not explain how Dr. Beachy's mention of Plaintiff's goals undermine Dr. Beachy's opinion nor did the ALJ provide any analysis regarding Dr. Beachy's observations of Plaintiff's rigid and concrete thinking, problem-solving, and limited insight.  Tr. 880.  Lastly, while the ALJ noted Plaintiff's art projects, Plaintiff did not specify the amount of time spent on these activities.  Tr. 880.

For this assessment, the ALJ gave little weight to Dr. Beachy's opinions.  Tr. 840.  In June 2022 and February 2024, Dr. Beachy marked Plaintiff as having markedly limited and severely limited for multiple activities.  Tr. 974-77, 711-14.  However, in June 2018, Dr. Beachy found mostly moderate and mild limitations.  Tr. 402-406.

The ALJ found that due to Dr. Beachy's expertise, she cannot adequately provide opinions on limitations regarding Plaintiff's diarrhea and fatigue and the ALJ addressed these impairments elsewhere.  Tr. 841.  Continuing, the ALJ found Dr. Beachy's opinion and reflection of Plaintiff's goals inconsistent.  Tr. 842.  Dr. Beachy's opinion about Plaintiff's attention and performance of complex tasks is

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 28

contradicted by Plaintiff's creation of jewelry and artwork. Tr. 842. The ALJ deemed that Dr. Beachy's checkbox forms do not provide clarification or specific support. *Id.*

The ALJ noted that Dr. Beachy stated in her June 2022 assessment that Plaintiff worked previously but that it was not feasible, and she had concerns about his ability to maintain a regular schedule, interact with others and wondered about his ability to accurately perceive situations. Tr. 842. The ALJ asserted that this was vague and speculative, only providing little support for her proposed limitations. Tr. 842. The ALJ further supports this, referencing Dr. Beachy's February 2024 comment that she could not imagine Plaintiff being a part of the workforce. Tr. 843, 977. Furthermore, the ALJ stated that regarding Dr. Beachy's opinion on Plaintiff's adaptability was not supported because he "has remained quite adaptable despite being faced with a range of difficulties and challenging circumstances." Tr. 843. As a result, the ALJ did not find that Dr. Beachy's opinions were well-explained, well-supported by her own notes or consistent with the record and gives them little weight. Tr. 843.

The ALJ explained that the ALJ did not find Dr. Beachy's opinion as supported or well-explained because she made conclusory and vague statements. Tr. 840-43. This is a specific and legitimate reason to discount Dr. Beachy's opinions. Dr. Beachy's vague statements about not being able to imagine Plaintiff

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 29

as participating in the work force and that it was hard to say how off-task he would be without explanation is reasonable.  Furthermore, the ALJ noted Dr. Beachy's treatment notes supporting the ALJ's decision showing an inconsistency in Dr. Beachy's opinions of marked and extreme limitations.  Tr. 827-843; *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (stating that the district court must review all pages of the ALJ's decision).  This is directly stated when the ALJ stated that her opinion is not consistent with the treating records, benign observations, focus on situational components, and unremarkable mental status examinations.  Tr. 843.  In short, Dr. Beachy's opinion lacks specificity, detail or explanation for the opined limitations.  Tr. 842-843.  The ALJ notes that Dr. Beachy's general assessment of severe and marked limitations is not supported by the record as a whole or even parts of her own record.  *Id.*  This is substantially supported, specific, and legitimate.

Plaintiff states that the ALJ noted the Appeals Council reasons but only appeared to disagree and repeat the same rejected conclusions.  ECF No. 11 at 17.  The ALJ recognized the Appeals Council's concerns but states that the limitations are noted and adjusted in the RFC.  Tr. 841.  For example, Dr. Beachy's opinion on Plaintiff's rigid and concrete thinking, difficulty in problem solving and limited insight was addressed in the RFC's limitation for simple unskilled work.  *Id.*  However, the ALJ continues that these observations were not reported consistently

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 30

but that the limitation is still addressed in the RFC.  Tr. 842.  Also, the ALJ corrected that Dr. Beachy's treatment with Plaintiff began in February 2017 instead of early 2018.  Tr. 841.

Regarding the ALJ's focus on Dr. Beachy's statement and encouragement of Plaintiff's goal to seek gainful employment, this analysis is not supported by the record or is a legitimate reason to discount testimony.  Tr. 842.  The ALJ's statement about how Dr. Beachy should treat or encourage Plaintiff does not show any inconsistency or error rather than the ALJ's opinion based on assumptions and preferred treatment methods.  *Id.*  This is not a legitimate reason for the ALJ to discount Dr. Beachy's testimony.  Nevertheless, it is unclear how this interpretation of encouraging Plaintiff's work goals supports or opposes Dr. Beachy's opinion or how it shows or disproves any limitation of Plaintiff.

Next, Plaintiff argues that the ALJ did not provide evidence or authority to sufficiently conclude that creating art was complex or ambitious.  ECF No. 11 at 18.  While this conclusion may not be well-supported, the explanation itself is not illogical.  Nevertheless, the Appeals Council focused on the amount of time Plaintiff spent on these activities.  Tr. 840-41.  The ALJ did not see why this was relevant, however, the ALJ clarified this was to show that Plaintiff can focus, maintain attention, and perform complex tasks that exhibit Plaintiff's ability as more competent and ambitious than Dr. Beachy opined.  Tr. 842.  However, it is

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 31

not clear that this clarification solves the Appeal Council's concern.  The ALJ still does not provide a length of time or frequency and because the creation of art being complex or ambitious is not dependent upon evidentiary supported reasoning, this cannot stand alone to discredit Dr. Beachy's opinion.

However, the ALJ further provides that Plaintiff's previous skilled work as a welder shows that this "coordinated work activity" likely exceeded the alleged mental capacity of plaintiff.  Tr. 842.  Nevertheless, the ALJ recognizes this was an unsuccessful work attempt but asserts that it shows unskilled work with limited interaction with others may be possible.  *Id.*  This further discredits Dr. Beachy's stated limitations.  Tr. 842.

Moreover, Plaintiff states that the ALJ did not meet her burden by claiming Plaintiff has been adaptable despite Dr. Beachy's opinion that he could not adapt to his environment.  Tr. 843.  However, the ALJ states he is "quite adaptable despite being faced with a range of difficulties and challenging circumstances."  Tr. 843.  While this Court would benefit from further clarity, the ALJ mentioned Plaintiff's difficulties and circumstances throughout the ALJ's decision.  Tr. 843.  The ALJ provided a legitimate reason with a broad explanation that lacks specificity about Plaintiff's adaptability.  *Id.*  Nevertheless, as previously stated, the ALJ provided numerous other reasons to discredit Dr. Beachy's opinions.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 32

Then, Plaintiff contends that the ALJ discounting Dr. Beachy's reports because they used checkbox forms was also improper. *Id.* Defendant argues that this is a sufficient reason to discount testimony. ECF No. 15 at 11. As previously established, Dr. Beachy's opinions used checkboxes with vague statements. Tr. 841-43. As the Ninth Circuit provides, "the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul,* 950 F.3d 1141, 1155 (9th Cir. 2020) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)). Therefore, Plaintiff did not identify an error here.

While the ALJ could provide specific citations and clearly detail her decisions more throughout her opinion, when reviewing the record and ALJ's entire decision, the ALJ's decision to provide Dr. Beachy's opinion little weight is not unsupported. However, the ALJ provided multiple insufficient reasons but with other sufficient substantially supported reasons, it does not change the outcome of the determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Dr. Hampton

Finally, Plaintiff claims the ALJ did not provide any sufficient reason to discount J. Hampton, M.D. ECF No. 11 at 21; Tr. 972. Further, Dr. Hampton's opinion regarding Plaintiff's absentee issue, diarrhea, and urinary impairments compel a disability finding. *Id.* Defendant argues that Dr. Hampton's report did

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLE XVI OF THE SOCIAL SECURITY ACT ~ 33

not give a specific functional limitation as required under 20 C.F.R. § 416.913(a)(2).  ECF No. 15 at 19-20.  Additionally, Defendant states that the ALJ acknowledged the narrative explanations.  ECF No. 15 at 20; Tr. 838.

Dr. Hampton noted Plaintiff's increased symptoms when taking specific medications.  Tr. 971.  Furthermore, Dr. Hampton noted Plaintiff's depression but believed it was controlled and did not find that if Plaintiff were to regularly and continuously work that Plaintiff's condition would deteriorate.  Tr. 972.  However, Dr. Hampton did not opine the number of potentially missed days or hours by Plaintiff due to medical impairments, other than noting Plaintiff would miss some work.  Tr. 972.  The ALJ gave this opinion some weight and recognized the narrative explanations are well-supported and reflective of the medical evidence.  Tr. 838.

While the ALJ provided reasons to give Dr. Hampton some weight, the ALJ did not provide specific and legitimate reasons to discount Dr. Hampton's opinion.  *Edlund*, 253 F.3d at 1157 (citing *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995)) (specific and legitimate reasons are required for contradicted treating medical opinions); Tr. 838.  In other words, it is clear why Dr. Hampton opinion was afforded some weight but not why Dr. Hampton's opinion was not afforded greater weight or why it was discounted at all.  However, even if Dr. Hampton's opinion is credited as a matter of law, it does not ultimately determine that Plaintiff

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 34

is disabled or change the outcome of the ALJ's decision. *Lester*, 81 F.3d at 834 (stating that without adequate reasons for rejecting a treating or examining medical provider's opinion, the opinion is credited as a matter of law).  As stated, the ALJ provided numerous other reasons and medical opinions to substantiate her decision.  Furthermore, Dr. Hampton's statement that Plaintiff will miss some work is not enough to reach a different conclusion.  Dr. Hampton did not provide a specific limitation or any specificity to Plaintiff's absentee issue or impairments that meets the requirements under the SSA to suggest a different outcome. Nevertheless, the ALJ should try to provide a full record.

Defendant did not exhibit errors beyond harmless errors and the record, in combination with the other medical opinions, provides substantial evidence for the ALJ's decision.  Accordingly, the final decision of the Social Security Commissioner is affirmed.

//

//

//

//

//

//

//

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLE XVI OF THE SOCIAL SECURITY ACT ~ 35

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 11) is **DENIED.**

2. Defendant's Response Brief (ECF No. 15) is **GRANTED.** The final decision of the Social Security Commissioner is **AFFIRMED.**

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Defendant, furnish copies to counsel, and **CLOSE** the file.

DATED March 12, 2026.



THOMAS O. RICE
United States District Judge